UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHAN V. MYERS | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-13115-LTS |
| | ) | |
| JOSEPH MCDONALD, et al., | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

SOROKIN, D.J.

For the reasons stated below, (1) plaintiff is assessed an initial partial filing fee of $30.94 with the remainder to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2); (2) the Clerk shall issue a summons for defendant Jeanne Lotrionte and reissue a summons for defendant Rencricca; and (3) plaintiff's request for injunctive relief is denied.

## BACKGROUND

Plaintiff Stephan V. Myers ("Myers"), a prisoner at the Plymouth County Correctional Facility, filed a civil action alleging, among other things, deliberate indifference to Myers' serious medical needs. By Order dated October 30, 2014, Myers' motion for leave to proceed in forma pauperis was allowed. See Docket No. 5. Because Myers failed to submit a certified prison account statement, the Court deferred assessment of an initial filing fee pursuant to 28 U.S.C. § 1915(b) and the Clerk was directed to issue summons for service of all the defendants. Id. At that time, the Clerk provided Myers with the forms for requesting service by the United States Marshals Service. See Docket No. 6-1.

On November 10, 2014, the Court received a letter from Myers accompanied by a copy of his prison account statement. See Docket No. 8. In his letter, Myers states that he personally watched a correctional officer hand a summons to Dr. Rencricca. Id. With his letter, Myers also

submitted proof of service, that he completed himself, for the summons that was issued for service of defendant Rencricca. Id. at 5. Myers requests a courtesy copy of the complaint explaining that his original copy went missing after a "shakedown." Id. at p. 2. He also explains that the correct spelling of defendant Lotviante's name is Lotrionte.

Finally, Myers states that his letter may "also be a request for transfer and a request for a stay away/restraining order on the known defendants." Id. Myers states that since filing this lawsuit "things are starting to heat up" and he was "almost thrown down the stairs by a correctional officer who was mocking [Myers] for being a pro se defendant." Id. at p. 1.

## DISCUSSION

I.  The Filing Fee

Because Myers is a prisoner, he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b). Based upon the prison account statement submitted by Myers, he is assessed an initial partial filing fee of $30.94, pursuant to 28 U.S.C. § 1915(b)(1)(A). The remainder of the fee, $319.06, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

II. Summons

On October 30, 2014, the Clerk issued summons for the four defendants, including defendant Jeanne Lotviante. Because Myers advised the Court this defendant's name is spelled Lotrionte, the Clerk shall correct this defendant's name on the docket and issue a summons for Jeanne Lotrione. The Clerk shall mail the summons, a copy of the complaint and this Memorandum and Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the

2

United States Marshal Service.

III. Proof of Service

To the extent Myers filed a "proof of service" on defendant Rencricca, he is advised that his proof of service is insufficient under the applicable rules. The proof of service must be completed by the process server. Here, the process server appears to be a correctional officer that personally served defendant Rencricca. Although Myers is responsible for having a summons and complaint served on each defendant, only a person who is at least eighteen years old and not a party may serve a summons and complaint. See Rule 4(c)(2) of the Federal Rules of Civil Procedure. Assuming defendant Rencricca is a mentally competent adult over the age of eighteen, defendant Rencricca may be served pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure, by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

See Fed. R. Civ. P. 4(e)(2)(A)-(C). The process server may also follow state law for serving a summons in an action brought n courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. (e)(1).

Because Myers has been authorized to proceed in forma pauperis, he may arrange for service of defendant Rencricca and the other three defendants by the United States Marshals Service.

IV. The Request for Injunctive Relief

In his letter, see Docket No. 8, Myers asks for his letter to be treated as "a request for

transfer and a request for a stay away/restraining order on the known defendants." Id. Myers states that since filing this lawsuit "things are starting to heat up" and he was "almost thrown down the stairs by a correctional officer who was mocking [Myers] for being a pro se defendant." Id. at p. 1.

As an initial matter, preliminary injunctions may not be issued without notice to the adverse party, and Myers' complaint has not been served on the defendants. See Fed. R. Civ. P. 65(a)(1). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008). A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, the court cannot issue a temporary restraining order without notice to the adverse parties unless the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). The Court declines to grant ex parte relief in any form.

Accordingly, it is hereby Ordered that:

1. Plaintiff is assessed an initial partial filing fee of $ 30.94, pursuant to 28 U.S.C. § 1915(b)(1)(A); and the remainder of the fee [$ 319.06] is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2);

2. The Clerk shall issue a summons for defendant Jeanne Lotrionte and reissue a summons for defendant Rencricca. The Clerk shall mail to plaintiff the summonses with a courtesy copy of the complaint so that the United States Marshals can serve the defendants, as directed by plaintiff; and

3.      Plaintiff's ex parte request for injunctive relief is denied.


SO ORDERED.


 November 13, 2014                  /s/ Leo T. Sorokin
DATE                                LEO T. SOROKIN
                                    UNITED STATES DISTRICT JUDGE